IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES SCOTT NICHOLSON, HK-8900, )
    Petitioner, )
     )
    v. ) 2:14-CV-1522
     )
BRIAN COLMAN, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of James Scott Nicholson for a writ of habeas corpus (ECF 1) be dismissed as time barred and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

James Scott Nicholson, an inmate at the State Correctional Institution – Fayette has presented a petition for a writ of habeas corpus which he has been granted leave to further prosecute in forma pauperis.[1]

Nicholson is serving a 13 ½ to 30 year sentence imposed following his conviction by a jury of rape, sexual assault and incest in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on February 8, 2008.[2] An appeal was taken to the Superior Court which affirmed the judgment of sentence on August 12, 2008.[3]

A post-conviction petition was filed on January 9, 2009[4] and relief was denied on December 9, 2009.[5] An appeal was filed in the Superior Court which Court affirmed the denial

---

[1] Nicholson filed a prior petition at 09-CV-490 which was dismissed on May 18, 2009 for failure to exhaust state court remedies.
[2] See: Petition at ¶¶ 1-6 and Exhibit 1 to the response at p.5.
[3] See: Petition at ¶ 9 and Ex. 4 to the response at pp.43-46.
[4] See: Exhibit 10 to the response at pp.87-96.
[5] See: Exhibit 1 to the response at p.16.

of post-conviction relief on April 2, 2013 and allowance of appeal to the Pennsylvania Supreme Court was denied on October 2, 2013.[6]

The background to this prosecution is set forth in the August 12, 2008 Memorandum of the Superior Court:

> On August 17, 2007 Grace Fern Summers and Nicholson, Summers' maternal uncle, attended a truck-pull together in the early evening. On the drive home, Summers testified that Nicholson propositioned Summers to have sex with him for $700, to which she said no. According to Summers' testimony, Nicholson drove to an abandoned cabin where he pulled her out of the car, forced her to the ground and had vaginal intercourse with her. Summers testified that she did not resist because she was five-months pregnant at the time and did not want to harm her unborn child. After the incident, Nicolson drove Summers to her aunt and uncle's, Nicholson's brother's home, where she insisted she would stay the night despite Nicholson asking to take her home. Summers told her aunt what had happened and after Nicholson left the home, Summers' aunt and uncle took her to her mother's house and then to the hospital where a rape kit and interview was performed. Trooper James Pierce testified that he did not send the rape kit or Summers' clothing for testing because both parties acknowledge that sexual intercourse took place. Additionally, Summers had no bruising other than a thumbnail sized bruise on her arm.
>
> Nicholson testified that he had consensual sex with Summers for money which he promised to pay her once he was paid for winning the truck-pull. He said Summers consented to sex, which was inconsistent with a written statement he knowingly and voluntarily gave on the day of his arrest. In that written statement Nicholson said:
>
>> I did have sex with Grace Ann Summers we went to a tractor[-]pull in S[o]merest County. She was all for making some money because her husband hadn[']t be[e]n helping her to[o] much. So I off[e]d 700 dollars for sex which she didn[']t want to so I coaxed [her] and then she la[i]d down and had sex with [me] because she needed money.[7] [footnote regarding petitioner having been advised of his *Miranda* rights omitted].

In the instant petition executed on October 28, 2014 and filed in this Court on November 6, 2014, Nicholson contends he is entitled to relief on the following grounds:

1. Mitigating evidence. The Pa. State Police failed to test the rape kit to ascertain whether more than one male had sexual contact with the victim. This denied the petitioner of impeachment evidence[;] furthermore, counsel was ineffective for failing to follow-up on other mitigating evidence…

---

[6] See: Exhibits 5 to the response at pp.48-60 and Exhibit 6 to the response at pp.62-63.
[7] See: Exhibit 4 to the response at pp.43-45.

2. State Police went to the petitioner's home with the intent to arrest him[;] they elicited a statement from him prior to reading him his "Miranda" right [and], evidence that was also seized without a search warrant.
3. Counsel ineffectiveness, the court lacking the proper jurisdiction for the [violent sexual predator] hearing and expert witness.
4. Whether the Commonwealth failed to establish guilt beyond a reasonable doubt as to charges of rape, sexual assault and incent…

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, the judgment of sentence was affirmed on August 12, 2008 and leave to appeal to the Pennsylvania Supreme Court was not sought. As a result, Nicholson's his conviction became final on September 11, 2008 when the time in which to seek any further review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012).[8] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until January 9, 2009 or almost four months after he could have done so. That petition was

---

[8] See: Rule 903, Pa.App.P.

3

denied; the denial of post-conviction relief was affirmed by the Superior Court on April 2, 2013 and leave to appeal to the Pennsylvania Supreme Court was denied on October 2, 2013. The instant petition was executed on October 28, 2014 or over a year after it could have been submitted. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred unless the petitioner can demonstrate a basis for equitable tolling of the statute. Holland v. Florida, 560 U.S. 631, 645 (2010), United States v. Bendolph, 409 F.3d 155 (3dCir. 2005)(en banc). Despite the fact that the response raising the statute of limitations defense was filed three months ago, the petitioner had failed to demonstrate any equitable basis for tolling the statute.

Accordingly, it is recommended that the petition of James Scott Nicholson for a writ of habeas corpus be dismissed as time barred, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchel

Filed: March 25, 2014                                                  United States Magistrate Judge